FeUNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHRISTIAN MARGOSIAN,

        Plaintiff,                      Case No. 1:21-cv-1061

v.                                         Honorable Ray Kent

UNKNOWN MARTINSON et al.,

        Defendants.
_____/

## ORDER LIFTING STAY AND FOR SERVICE

This is a prisoner civil rights action. The Court previously reviewed the complaint under 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c), to determine whether it was frivolous, malicious, failed to state a claim upon which relief could be granted or sought monetary relief against a defendant that was immune from such relief. The Court then referred the case to the *Pro Se* Prisoner Civil Rights Litigation Early Mediation Program and entered an order staying the case for any purpose other than mediation. The case was not resolved through the early mediation program. Accordingly,

**IT IS ORDERED** that the stay of this proceeding that was entered to facilitate the mediation is **LIFTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall again commence collection of the filing fee as outlined in the Court's prior order granting Plaintiff leave to proceed *in forma pauperis*.

**IT IS FURTHER ORDERED** that the 90-day period for service set forth in Federal Rule of Civil Procedure 4(m) shall run, starting with the date of this order.

**IT IS FURTHER ORDERED** that, in accordance with Administrative Order No. 03-029, the Clerk shall return to Plaintiff with a copy of this order one copy of the complaint. Because the exhibits are voluminous, the Clerk need not include the exhibits.

**IT IS FURTHER ORDERED** that, in accordance with W.D. Mich. LCivR 10.4 and Administrative Order 03-029,[1] Plaintiff shall, immediately upon receipt of this order, request that the prison make four copies of the complaint for service upon Defendants Martinson, Sheppard, Crompton, and Bellinger.[2] Plaintiff is responsible for the cost of the copies. If Plaintiff does not have sufficient funds to pay for the copies, the Michigan Department of Corrections provides loans for legal copies. *See* Mich. Dep't of Corr. Policy Directive 05.03.116.

**IT IS FURTHER ORDERED** that within fourteen (14) days of this order, Plaintiff shall file with the Court the requisite number of copies of the complaint along with a copy of this order OR an affidavit explaining why Plaintiff is unable to provide the requested copies within the fourteen-day period. Should the Court find that the prison failed to make copies upon Plaintiff's request, the Court will direct the Clerk to make such copies as may be necessary and to charge the Michigan Department of Corrections for the cost of copying at the Court's usual rate of $.50 per page.

---

[1] When service is to be made by the United States Marshal, as in this case, the Court's local rules require litigants to provide sufficient copies of their documents for service when the documents are filed. W.D. Mich. LCivR 10.4. Under Administrative Order 03-029, Plaintiff was excused from providing additional copies of his complaint until the Court determined that service was warranted.

[2] Plaintiff's allegations are sufficient to warrant service of the complaint against ECF Defendants Unknown Parties #3. However, the Court is unable to order service on those Defendants because Plaintiff has not provided sufficient information to identify them. While the United States Marshal Service is expected to make a reasonable effort to serve identified Defendants on behalf of plaintiffs proceeding *in forma pauperis*, the Marshal Service is not required to identify the individuals to be served. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("[W]hen a plaintiff is proceeding *in forma pauperis* the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants . . . *once reasonable steps have been taken to identify for the court the defendants named in the complaint.*") (emphasis added).

**IT IS FURTHER ORDERED** that Plaintiff's failure to submit the requested copies within the time provided by the Court or an affidavit explaining why Plaintiff is unable to provide the requested copies may result in the dismissal of his action without prejudice by the Court.

**IT IS FURTHER ORDERED** that upon receipt of the copies required by this order, the Clerk shall forward the complaint to the U.S. Marshals Service, which is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2).  If waiver of service is unsuccessful, summons shall issue and be forwarded to the U.S. Marshals Service for service under 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that each Defendant shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent.  Until so ordered by the Court, no Defendant is required to file an answer or motion in response to the complaint, and no default will be entered for failure to do so.  *See* 42 U.S.C. § 1997e(g)(1).  After a Defendant has filed an appearance, proceedings in this case will be governed by the Court's Standard Case Management Order in a Prisoner Civil Rights Case.

Dated:   February 4, 2022                                      /s/ Ray Kent
                                                                                Ray Kent
                                                                                United States Magistrate Judge